May it please the Court, my name is Michael King from the Talmadge Firm and I represent the plaintiff and appellant Michael Marley. Mr. Marley, a veteran, underwent a procedure for prostate cancer called brachytherapy and something went wrong and he suffered severe and permanent injury. The government doesn't contest the injuries, but it does contest whether their doctors were negligent in their treatment. Mr. Marley complied with the two-year time period under the Federal Tort Claims Act for bringing an administrative claim and when that claim was turned down, he then complied with the six-year, six-month statute of limitations for filing a suit. Now at some point when that suit was pending, his counsel withdrew because they were unable to locate an expert witness required to support the claims and Mr. Marley then pro se ended up dismissing that action under Rule 41. He did so with the understanding that this was without prejudice to his right to reinstate and there is no dispute that he would not have undertaken the dismissal had he known that it would end up ending his case by operation of the case log loss on Rule 41. He did refile after his attorneys located an expert and were able to resume their representation and the government then moved to dismiss, arguing it is a horn book rule of case law that when a case is dismissed under Rule 41, it's as if the case never existed and therefore the refiled case was untimely because the six-month statute of limitations under the Federal Tort Claims Act had passed. The district court agreed with the government and dismissed and we are now here. And the appeal today presents you with two issues. Mr. Marley's issue concerns whether the government should have been stopped from raising the effect of his Rule 41 dismissal. Alternatively, Mr. Marley urges that he should receive the benefit of an equitable tolling of the statute of limitations as it would otherwise apply. The government's issue concerns whether the FTCA's six-month statute of limitations should be treated as jurisdictional, thereby precluding a federal court from exercising its equitable powers altogether. Now, I'll turn first to Mr. Marley's issue and today I will focus on the question of equitable estoppel. You've just been discussing equitable tolling a good deal. I'm going to focus on equitable estoppel, at least that's my plan. Mr. Marley contends that the government should have been stopped from receiving the benefit of the normal effect of a Rule 41 dismissal. In other words, the government should not have received the benefit of treating Marley's first action as if it had never been brought. Barring the government from receiving the benefits of that treatment would have foreclosed a dismissal on statute of limitation grounds. Since there's Can I ask you a question about the relationship between this issue and the counter issue on the FTCA? If you're correct about estoppel, if the government by its affirmative acts is precluded from obtaining that dismissal, is that the end of all the issues or do we have to do something else? I think the only thing that should be left to deal with is to suggest why this case doesn't really require that you plunge into that jurisdictional thicket that's out there. Let me turn to that for a moment and touch on that because there are a lot of cases that have touched on this issue of whether the FTCA's statute of limitation structure is a two-year administrative claim period followed by its six-month statute of limitations is, quote, jurisdictional, close quote. And I would not be exercising candor if I told the Court that the resolution of that issue is straightforward under all of this circuit's precedents. But you don't have to reach that issue, and this is why. Mr. Marley complied with the two-year claims filing period, and then he complied with the six-month statute of limitations. The government's argument is that Mr. Marley's case was subject to dismissal because of the effect of the case log loss under Rule 41. There is a case log loss under Rule 41 that says, and this circuit's own decision on that matter came down 10 years before this whole imbroglio arose in this case in 2006 between counsel for the government and Mr. Marley. The case log loss is that when you have a Rule 41 dismissal, it's as if that case had never been filed. Now, the rule doesn't say that, but that's the case log loss, and there are good sound reasons for having that loss, and we're not quarreling with it. It's that gloss that the government was relying on. It's the benefit of that gloss that Mr. Marley urges the government should be estopped from receiving. So you're just saying if you went on the estoppel argument, I guess the short answer is everything else does go away because what it says is that we would treat it as never having been dismissed. Correct. And that's the right remedy for estoppel. That's right, and unlike all of those many cases relied on by the government. Because he was misled by the government into dismissing and therefore should never, the Exactly. Exactly. The government will be denied the benefit of an event that should never have taken place and that only took place because of the affirmative misconduct of the government. And if I may touch on that question of exactly the core of the affirmative misconduct of the government, it is established in this circuit that estoppel applies against the government. And the Watkins case, this Court's en banc decision in 1989, lays out that besides the four basic elements of estoppel, there are two other things. This is the protection element here for the government, the special policy circumstances that are raised when you're dealing with estoppel against the government. There are two other things that need to be shown. One is affirmative misconduct that goes beyond mere negligence. And the second is that the government's misconduct must have caused a serious injustice and that the public interest is not going to suffer undue damages by the imposition of liability. Well, we submit that the affirmative misconduct here is fairly straightforward. It's been to unrepresentative parties. And it has been a hornbook principle for decades that this goes double for government lawyers because of the risk that people are going to think that because government lawyers owe a duty to justice, not to just win the matter at hand, but owe a duty to justice, that if the government lawyer is giving advice, that you can count on that being accurate and reliable and you can rely on it. Well, the problem here, of course, yes, I submit it does rise to the level of affirmative misconduct, Your Honor, and particularly under the facts of this case. Does it have to be unethical for it to be affirmative misconduct because he gave bad advice? It doesn't necessarily have to be unethical. But the fact that we are talking about a violation of a clear ethical prohibition, we're urging this Court to hold that when government counsel, United States government counsel, who have a duty to see that justice is done, who are not supposed to be giving advice to unrepresentative parties, do what is totally unnecessary, violate that rule, and give bad advice, not just bad advice, but plainly erroneous advice, which leaves the judge... It's no longer theoretically possible to refile, which is what the letter told him, that it's theoretically possible for you to refile. But it wasn't anymore because the statute of limitations had already run. That's right. And it gets worse. When you look at ER 106, and you have a stand-alone copy there I tried to provide to facilitate precisely this focus. When you look at ER 106, which is page one of Mr. Darwin Roberts, the Assistant U.S. Attorney's letter of January 27, 2006, and you look at the last full paragraph that begins, Federal Rule of Civil Procedure 41 is the rule that allows. He goes on to state, and this is the critical phrase I think, but please be aware that even if you dismiss now without prejudice, there may, may be other factors, such as statutes of limitations, that could limit or bar your ability to bring this case again. Wrong. Under the established law of this circuit, in fact I don't know of a circuit that's gone the other way. I'm not aware of a state with a similar rule that's gone the other way. It wasn't a question of may or might. It wasn't a risk. It was a certainty. You dismiss and it doesn't matter that this paper says without prejudice. That will be the end of your opportunity for redress vis-a-vis the government. Now, mind you, this advice is being given voluntarily. It's not like Mr. Marley called up and said, well, could you advise me here, which is what that comment for the Washington Rule of Professional Conduct 4.3 goes to. No. This is unsolicited advice, and moreover, it's advice that is expressly given, and this is also significant in evaluating whether this is affirmative misconduct, not mere negligence, that is given after the statement is made in case you don't want to consult another lawyer, which is entirely your right. I'll briefly state my opinion as to what they mean. Your Honors, the way this letter should have read is, we don't have any quarrel with him sending a proposed stipulation of dismissal unsolicited, but this letter should have stopped at the second sentence of the second paragraph. In case that's still true, I've taken the liberty of drafting a stipulation in close that would do that. All the rest of the text should be gone except for this sentence. I can't advise you on this matter. If you seek advice, you need to consult a lawyer. That's what should have been said. It wasn't said. This was a plain violation of an ethical prohibition. It led to giving bad advice. The man relied on it and he dismissed his case. Now, I would argue that the government's, that the judicial system's interest in making sure that the government's counsel adhere to the fundamental rule that the job of government counsel is to do justice. Counsel, what was the misrepresentation in the letter from your point of view? What was the misrepresentation? The core misrepresentation was the suggestion that there was some legal uncertainty about the effect. But doesn't there have to be a misrepresentation, not one that is suggested, but there has to be an affirmative misrepresentation, doesn't there, in order for estoppel to apply? No. You, if you know that you say something that a person in that individual situation may reasonably rely upon, and what you have is a statement that by omission is misleading, that is a misrepresentation. What was omitted from the statement in the letter? The accurate statement of the effect of a CR 41 dismissal under the circumstances of this case. What case says that an accurate statement rises to the level of affirmative misconduct? Well, I would refer the Court to your decision in Watkins, and the statement on page 707 of that decision, which talks about affirmative misconduct. And after observing, there's no single test for detecting the presence. Each case must be decided on its own particular facts and circumstances. This Court goes on to say, affirmative misconduct does require an affirmative misrepresentation or affirmative concealment of a material fact. That's what I'm asking you. What in that letter was affirmative misrepresentation? Or affirmative concealment. What was affirmatively concealed in that letter? By affirmatively stating that you may have a statute of limitations problem, you are necessarily implying that you may not. And yet, any careful counsel, responsible counsel, who let's say was asked about this, before making this statement, you know, should have checked and should have been aware that in fact, there's only one outcome here. It's not a may have a statute of limitations problem. It is you will be done with your case. So there is a concealment of a well-established rule of law. This is not a lawyer making a mistake about a gray area. This is a lawyer making a mistake about the absolute fundamentals and doing so when he shouldn't be talking about any of this at all. He shouldn't be getting into offering advice. Counsel, you're using up your time. Did you want to save a little time for rebuttal? That's exactly what I was going to do. I was going to say if there are no further questions, I'll reserve the balance of my time. Thank you. Okay. Thank you. We'll hear from the government. Good morning, Your Honor. Brian Kipnis for the government. I want to start by rebutting what I think is a fundamental premise of the argument that you just heard, which is that anything in the letter that was sent by AUSA Roberts to Mr. Marley could be characterized as advice. Well, it starts out by taking, I will briefly state my opinion as to what they mean. That's his opinion, and he's just introduced himself as an assistant United States attorney representing the United States in your case. So he's identified himself as the opposing adversarial lawyer. And he says, I'm giving you my opinion. And he goes on to distinguish a stipulation dismissing without prejudice, which means you could in theory bring it again, as against dismissing with prejudice, which would mean you can't bring it again. And the import of that paragraph is that he doesn't have too much to worry about. Well, let me start by saying in terms of advice, there is nothing in that letter that suggests that Mr. Marley do anything. It doesn't recommend, it doesn't suggest anything. What Mr. Roberts was doing. But it represents to him that he has little risk or maybe no risk is too strong, but that there's little risk in signing the stipulation to dismiss without prejudice, because it's not like those ones with prejudice where he can't file again. You can refile, and maybe there'll be a problem. But I just don't understand why that wouldn't lead almost anyone down the garden path. Well, two responses, Your Honor. First of all, I think if Mr. Roberts said more, then you would be getting into the realm of advice. What's the bare minimum in your view that he would have had to say to stop the government from taking the effect of this stipulation away that he was signing? Well, Your Honor, if you go back to the Lehman case, for example, where basically someone was told that go ahead and dismiss your case, we'll talk about settlement, and you can then refile your case again if we don't resolve it, that was not found to be a stopple. There were a couple of differences there, though. Those folks were represented by counsel, and their beef wasn't that they received wrong advice, it's that they wanted more advice. They wanted more advice than they got from the other side. That seems like the flip side of this case. Well, the blueprint for what Mr. Roberts did, interestingly enough, is the very ethical rule which we are told he violated, and that is Rule 4.3 of the Washington Rules of Professional Conduct. And there, I'm usually reluctant to read things at length when I'm arguing, Your Honor, but I think it's important here, because the comment specifically tells lawyers in Mr. Roberts' difficult situation, where you have a party who has essentially been abandoned by his attorney, left up a creek without a paddle in the middle of a medical malpractice case, without an expert, and without any way to move the case forward, and comes forward to our office and asks to dismiss his case. Now, what Mr. Marley is suggesting is that the attorney, to be ethical, basically has to send the stipulation to the unrepresented party and say nothing. And I would suggest to you, Your Honor, that that would actually be conduct falling below the expectations of what we expect in our office. Well, why wouldn't you expect in your office that where it is absolutely clear that the effect of the dismissal, whether stated to be with or without prejudice, will in essence be with prejudice, if they know, as they should have and maybe did, that that's the true situation? Why isn't that a bare minimum for a response? I disagree with the premise, Your Honor, because what the ethical rule says we're supposed to do, and what Mr. Roberts endeavored to do, was to explain the terms in the situation, with prejudice, without prejudice. And what Mr. Darwin said was In context, it's misleading, because they both end up meaning the same thing for this guy at this time. I disagree with that, too, Your Honor, and let me tell you why. Because statute of limitations is a defense. It is no more than a defense. It is something that is raised in response to an action that is filed. And in my many years of representing the government in statute of limitations cases, I can tell you that I probably win, at best, half of those, because it is a disfavored defense. There is always an opportunity to argue against the assertion of statute of limitations. It is nothing more than a defense. And I am constantly amazed by the ingenuity of counsel in responding to statute of limitations defenses. In fact, we're here today because of that very ingenuity. I mean, there are arguments to be made against a statute of limitations. Now, if Mr. Roberts had said, Mr. Marley, you should know that if you sign the stipulation, you will never, ever be able to bring a second case. If he's going to give his opinion at all, isn't that the accurate opinion? Well, but see, that – I don't think he's giving an opinion at all. He's simply explaining the terms. He's saying, Mr. – Notwithstanding his comment that he's giving an opinion. Well, it perhaps characterizes an opinion, Your Honor, but if you read it, what it says in context is, this is what a dismissal without prejudice is. It means, in theory, you can bring your action again. But you should know, you should be on notice, that other things may bar you from being able to pursue that claim. Now – Could I ask you a question that was asked of opposing counsel, too? Is it your interpretation of Watkins or any other requirement of estoppel that there be an ethical lapse? Let's suppose that writing this letter is okay as a matter of Washington Ethics Code, but we were to find that it was affirmatively misleading. Would that still be a sufficient basis for estoppel under our cases? Or do we have to find some independent duty was violated? I mean, for example, if it weren't a lawyer who wrote a letter, if it were just, you know, X, who is an administrative person, who said, sure, here's your stipulation, and maybe you can refile. So are they bound up together, or are they separate? I do not – I certainly don't know of any case, and I can't think of why that affirmative misconduct and an ethical lapse would necessarily be – an ethical lapse would be necessarily indispensable to a finding of affirmative misconduct. I don't know any case which says that, Your Honor. But let me flip it around a little bit, because if you are following an ethical rule, if you are endeavoring to follow an ethical rule which basically says, so long as the lawyer has explained that he represents an adverse party and is not representing the person, the lawyer may inform the person of the terms on which the lawyer's client will enter into an agreement or settle a matter, prepare documents that require the person's signature, and explain – this is the important part – and explain the lawyer's own view of the meaning of the document or the lawyer's view of the underlying legal obligations. This is the blueprint that Mr. Roberts followed, that USA Roberts followed. Well, that's why I'm asking the question, because it may very well not be unethical to write with the opinion and everything in it, but that doesn't take away from the question of whether he can give what amounts to wrong advice, which is leaving the person with the distinct impression that there's a decent chance, if it has this magic phrase in it, that he can refile. Again, Your Honor, I would dispute that it's wrong – it's advice. But even so, even if it is wrong advice, even if Mr. Roberts misrepres – innocently, I should say – told something Mr. – told Mr. Marley wrongly what the law was. And I would suggest, Your Honor, there's nothing in this letter that is wrong. But even if he did that, that is not affirmative misconduct. There is nothing that indicates that this Assistant United States Attorney was trying to misrepresent to Mr. Marley Fax, to try to trick him, to dupe him. There is nothing in the record that supports that. And I think the other thing that's – Is a bad state of mind required, or is it merely affirmatively misleading somebody? Well, I think if you look at the law, Your Honor, it would certainly seem to indicate that there needs to be a pattern of false promises or a – let me see if I can just find you the correct definition as in the – in the case law. It requires a deliberate lie or a pattern of false promises. That sounds pretty close to intent to me. But the other thing that's getting missed, Your Honor, I think is the context in which this all occurs. Mr. Marley's attorney abandoned him. He had no expert. In the middle of a medical malpractice case, he had no case. He was up a creek without the proverbial paddle. He reaches out to our office and says, I want to dismiss my case. What does an Assistant United States Attorney do under those circumstances? Does he essentially tell the person nothing and just send him the stipulation, which is what I think is being suggested here? Or does he go all the way down the other path and basically misrepresent what the effect of the stipulation is? No, he wouldn't be misrepresenting it. He would be adding a sentence to that paragraph. If you're viewing it as definitional, he would say something like, because the statute of limitations in your case has run, it is highly likely that you will not be able to refile, even though it is theoretically available for a dismissal without prejudice. That would have been accurate. Okay. I think, Your Honor, what you're saying is... If he's going to give the whole explanation of the effect and all those things, then he's got to be clear to his layperson. If the warning could have been stronger, Your Honor, perhaps. Hindsight is 20-20. But there is nothing misleading in that. It puts Mr. Marley on notice that if he dismisses his claim, he risks not being able to pursue his claim in a second lawsuit. And the reality is, Mr. Marley was done. He knew he was done. He had nowhere to go with this case, so he had no interest in doing anything more. If he was worried about bringing a second case, he would have gone and consulted an attorney and found out what the meaning of those terms were. That failure to do that is his responsibility. It's not the government's responsibility. There's nothing inequitable about putting Mr. Marley on notice about what the possible, possible ramifications of entering into the stipulation are. The argument on the other side is basically to imagine the very worst scenario and say it was our obligation to tell him what the very worst scenario is. I would suggest, Your Honor, that is giving legal advice. Well, I'm not sure why it's sort of an ambiguous thing. I mean, there are plenty of legal issues that are ambiguous, but the passage of time isn't usually one of them. In the abstract, Your Honor, perhaps. But in the reality of pursuing these cases, as I said before, I lose as many of them as I win. It is a defense. It is not an automatic. Turning to equitable tolling, I would suggest, Your Honor, also there is no basis for equitable tolling here. Again, there is no showing that there was any inequitable conduct on behalf of the government. There was simply, and again the focus here is on the actions of the plaintiff. I would suggest, Your Honor, that the facts show that what we had was a situation here where the plaintiff had nowhere to go in his case and wanted to find a way to end it. And he did end it. And it's only now informed by the fact that his attorney rides in like a white knight two weeks, three weeks later and says, well, now I have an expert, the expert that I didn't have for two years, that maybe this looks glaring. But the reality is at the time the decisions were made here, the case was over and Mr. Marley knew it was over and he was looking to end his case. Your Honor, I'm out of time. If you have anything more, thank you. Thank you. I have a question for you that I hope you can weave into your rebuttal time. Why doesn't it matter a lot that the ball was begun to be rolled, this is going to be a bad metaphor, by your client? He came forward and said, I'd like to dismiss my case. And he got what he asked for. So why is there any reason to think that in deciding to dismiss, he relied on the hope or possibility of refiling when he was the one who wanted to get rid of it in the first place? That would be a different case. He didn't want to dismiss. In fact, there's nothing in the record suggesting that he came forward and made this request other than Mr. Roberts' self-serving statement about people in my office tell me that you want to dismiss. Now, against that, and remember, this is on summary judgment, against that I refer to the court to Mr. Marley's declaration, which you'll find at ER 94, where he testifies unambiguously, if I had known that I would not be barred from refiling my claim, I would never have dismissed this case. This man was – That's not self-serving. Of course it's self-serving, Your Honor, but the standard is some – And that doesn't go to the judge's question either. Well, I believe it goes to the fundamental factual premise that he – No, no. Our question was whether he was the one who asked – whether he denies that he asked someone whether he could dismiss the case in the Tacoma office. We disputed that below. We said that there was this assertion that he had asked someone in the Tacoma office about dismissal. We disputed whether that actually took place. Okay. How about the fact that he acted upon this letter from Mr. Roberts with the enclosed stipulation? Doesn't his conduct and response to this letter indicate that, indeed, he had solicited a way out of this litigation? No. It suggests that he acted on the advice he was given, which was that you can dismiss now without prejudice. There could be some risks. It's not a guarantee. But as Judge Graber's comments during the – and questions to my opponent suggested, and I embrace this reading, the clear implication of this letter to a lay person is you can dismiss. There may be some risks. But there's a pretty good chance you're going to be able to keep your case. If I could – I see my time's up. Counsel, if you didn't want to dismiss the case at all, what difference would it make about the conditions under which you could dismiss? If you weren't interested in dismissing the case and you got this letter saying you can dismiss on these premises, why wouldn't you just say, I don't want to dismiss and not even act on the letter? Because he confronts the fact that due to the obligation, the ethical obligation under Washington law, Kingdom v. Jackson, 78 Washington Appeals, of a counsel who cannot prosecute a case because he lacks the expert testimony required. He's without a lawyer. He's got an expert witness disclosure deadline coming down the line in April. That, by the way, was discussed in Mr. Roberts' second letter. Remember, Mr. Marley didn't sign like that. Mr. Roberts had to send that reminder letter. And in that reminder letter, he sort of lowers the other boom and says, remember, you've got expert witness obligations coming up in April. What this record shows, especially on summary judgment review, is that this man wanted to preserve his rights, but he knew that right now he was not in a position to pursue it. And he'd been given an assurance by the government counsel, unsolicited advice. He may have solicited the idea of dismissal, but he didn't solicit a bunch of legal advice. He's told by the government counsel, you have a lawyer. Let me tell you how this is all going to unfold. And that advice is fairly reassuring. This is a man on pain medication, in difficulty, isolated up in Alaska. The record does not reflect that he wants to drop the case. The record and his claim, the record reflects he's in a procedural difficulty and he thinks he's got a pretty good chance, based on what the government's told him, the government counsel, that he can keep his case. Let me ask you again, because I didn't have a record cite to this. The letter says that Mr. Roberts was told by a staff in the Tacoma office that he might be interested in dismissing the case. And you said there's evidence to dispute that. Where is that? Mr. Marley did not state in his declaration that he was not interested. This counsel drafted the declaration, so the fact that that's omitted says nothing. Let us assume, for purposes of discussion, that the government gets credit for the fact that Mr. Marley expressed interest. Fine. That doesn't mean that the government counsel has an open-ended right, even under RPC 4.3, to suggest you don't have to talk to a lawyer. Let me advise you about the consequences. What would have happened differently had this letter said only what you say it is, you should discuss it with your own lawyer. End of letter. There's no reason on this record to think that he would have signed the stipulated dismissal. And what we actually know would have happened. Parts of his declaration saying that had he been told that it would mean the end of his case, he wouldn't have signed it. He said two things. One was, I understood that it would be without prejudice,  prejudice, I would have signed it. My chance for relief. I would not have signed. Moreover, we have the fact here that as far as the, I'll just complete the answer to the question. The causal chain of this case, all of this takes place in January and February 2006. First letter, he doesn't sign. Second letter, remember, you've got those deadlines coming up, he signs. March, the lawyers can now continue with the case. They have found the expert, they refile, even before the original expert  have signed it. There's little reason to infer, certainly not on a summary judgment basis, that this man would have signed irregardless. This portrait of somebody who's given up on his claim and any chance of pursuing it is not supported by this record and certainly is not defensible as a conclusion that you can draw on a summary judgment standard. And if there are no further questions. Thank you, counsel. Thank you. We appreciate the arguments of both counselors. Very, very well argued and a very interesting case and that is now submitted.
judges: Graber, Rawlinson, Wright